**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0163n.06
Filed: December 16, 2004

**No. 03-4631**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WENDY BEAHN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| COMPUSERVE INTERACTIVE | ) | SOUTHERN DISTRICT OF OHIO |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

**PER CURIAM.** The plaintiff, Wendy Beahn, appeals from the district court's grant of summary judgment to her former employer, defendant CompuServe Interactive Services, in an action she brought alleging discrimination based on her pregnancy, in violation of Title VII, 42 U.S.C. § 2000e, Ohio Revised Code §§ 4112.02 and 4112.99, and Ohio public policy. Beahn claimed that she was wrongfully terminated from her position as product manager a little over a month after she reported her pregnant condition to a supervisor and that the company then wrongfully failed to re-hire her in another position. The defendant contended that the plaintiff had not established a prima facie case of discrimination and also introduced evidence to show that it had a legitimate, non-discriminatory reason for

---

[*]The Hon. Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

eliminating Beahn's position during a major reduction in force and organizational restructure following CompuServe's purchase by AOL. The company also claimed that its human resources manager had attempted – unsuccessfully – to place Beahn in another position with CompuServe.

The district court held that Beahn had established a prima facie case but that she had not rebutted the defendant's non-discriminatory reason for her layoff and the failure to place her in another position. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order and opinion entered on September 30, 2002, and its opinion and order entered on October 29, 2003.